**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No.:           _____/_____

ALLEN DAVIS,

Plaintiff,

v.

I.L.A. LOCAL NO. 1416 RETIREE CLUB INC.
d/b/a INTERNATIONAL LONGSHOREMEN'S ASSOCIATIONS,
a Florida Not for Profit Corporation,

Defendant.
_____/

## NOTICE OF REMOVAL FROM STATE COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, and U.S.

District Court for the Southern District of Florida Civil Filing Requirements Section 5H, the above-

captioned action, which is currently pending in the Circuit Court for the County of Miami-Dade

in the State of Florida, is hereby removed by I.L.A. Local No. 1416 Retiree Club Inc. d/b/a

International Longshoremen's Associations, a Florida Not for Profit Corporation, (the "Removing

Defendant") to the United States District Court for the Southern District of Florida. As grounds

for removal, the Removing Defendant states as follows:

1.       On or about March 28, 2019, Plaintiff filed an action in the Circuit Court of Miami-

Dade County, Florida, entitled *ALLEN DAVIS v. I.L.A. LOCAL NO. 1416 RETIREE CLUB INC.*

*D/B/A INTERNATIONAL LONGSHOREMEN'S ASSOCIATIONS, A Florida Not for Profit*

*Corporation*, Case No. 2019-009535-CA-01 (the "State Court Action").  Pursuant to 28 U.S.C. §

1

1446(a), a complete copy of all "process, pleadings, and orders" received by the Removing Defendant in the State Court Action is attached as **Exhibit A**.

2.      The Complaint in the State Court Action was served on Removing Defendant on April 25, 2019.

3.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is being filed within 30 days after the Removing Defendant's receipt of the Summons and Complaint, as well as within 20 days after the Removing Defendant's receipt of the Summons and Complaint, as required by state law. The Notice of Removal is filed with the concurrence of all Defendants in this matter.

4.      This Court is the district and division "embracing the place where [the State Court Action] is pending." 28 U.S.C. § 1441(a).  The Miami-Dade County Circuit Court is located within the United States District Court for the Southern District of Florida, Miami Division.

**Federal Question Jurisdiction Exists**

5.      This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331; *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) (holding that FLSA action arises under federal law). A party may timely remove a pending state court action to federal district court if the federal district court would have had original jurisdiction. 28 U.S.C. § 1441.

6.      The Complaint explicitly invokes jurisdiction pursuant to the Federal Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq*.  In the Complaint's section titled "General Allegations", Plaintiff alleges, "[t]his is an action for . . . unpaid wages and/or

overtime under the Fair Labor Standards Act, *29 U.S.C. §§ 201-219 ("FLSA")*". (¶ 1) (emphasis added). Plaintiff further alleges jurisdiction pursuant to section 29 U.S.C. § 216. *See* (¶ 2). Furthermore, Plaintiff's wherefore clause also invokes FLSA as the basis of Plaintiff's request that the court "[a]djudge and decree that Defendant has violated the FLSA . . . ."(¶ 24a).

7.      All FLSA claims in the Complaint are thus properly removed because: 1) this Court has original jurisdiction under 28 U.S.C. § 1331 generally and FLSA specifically and 2) all other prerequisites for removal exist or have been satisfied, this action is removable under 28 U.S.C. § 1441.

8.      Having federal question jurisdiction, this Court may exercise its supplemental jurisdiction over any remaining related state law claims. *See* 28 U.S.C. § 1367.

9.      A Notice of Filing Notice of Removal and a Copy of this Notice of Removal from State Court will be filed with the Miami-Dade County Circuit Court as required by 28 U.S.C. § 1446(d). *See* **Exhibit B**. Copies of same will be served upon counsel of record upon the filing of this Notice.

**[SPACE INTENTIONALLY LEFT BLANK]**

WHEREFORE, Defendant I.L.A. LOCAL NO. 1416 RETIREE CLUB INC. D/B/A INTERNATIONAL LONGSHOREMEN'S ASSOCIATIONS, a Florida Not for Profit Corporation, hereby removes the state court action from the Circuit Court of Miami-Dade County to this Court, and requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in the state court.

Respectfully Submitted,

/s/ *Howard S. Susskind*

**HOWARD S. SUSSKIND (184696)**
**D. MARCUS BRASWELL, JR. (146160)**
**SUGARMAN & SUSSKIND, P.A.**
hsusskind@sugarmansusskind.com
mbraswell@sugarmansusskind.com
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Telephone: (305) 592-2801
Facsimile: (305) 447-8115

**NEIL FLAXMAN (25299)**
**NEIL FLAXMAN, P.A.**
flaxy@bellsouth.net
80 Southwest 8th Street, Suite 3100
Miami, FL 33130
Telephone: (305) 810-2786
Facsimile: (305) 810-2824

**Attorneys for Defendant.**

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was filed with the court and served on below listed counsel using the Court's CM/ECF system on May 13, 2019.

/s/ *D. Marcus Braswell, Jr.*
D. Marcus Braswell, Jr.

**SERVICE LIST**

**Peter M. Hoogerwoerd (0188239)**
pmh@rgpattorneys.com
**Nathaly Saavedra (118315)**
ns@rgpattorneys.com
**Carlos D. Serrano (1010125)**
cs@rgpattorneys.com
**Remer & Georges-Pierre, PLLC.**
44 West Flagler Street, Suite 2200
Miami Lakes, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ALLEN DAVIS,

      Plaintiff,

v.                                 Case No.

I.L.A. LOCAL NO. 1416 RETIREE CLUB INC.
d/b/a INTERNATIONAL
LONGSHOREMEN'S ASSOCIATIONS,
a Florida Not For Profit Corporation,

      Defendant.

_____/

## COMPLAINT

Plaintiff, ALLEN DAVIS ("Plaintiff"). by and through the undersigned counsel. hereby

sues Defendants, I.L.A. LOCAL NO. 1416 RETIREE CLUB INC. d/b/a INTERNATIONAL

LONGSHOREMEN'S ASSOCIATIONS ("Defendant(s)"), and in support avers as follows:[1]

### GENERAL ALLEGATIONS

1.     This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees

       or costs for unpaid wages and/or overtime under the Fair Labor Standards Act, 29 U.S.C.

       §§ 201-219 ("FLSA").

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3.     Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami

       Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered

       employee for purposes of the FLSA.

---

[1] Additionally, Plaintiff has also filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging age discrimination in violation of Plaintiff's rights under Title VII and the FCRA. Plaintiff intends to pursue these additional claims as such time when all required administrative remedies have been appropriately exhausted.

4.   Defendant, a Florida not for profit corporation, has its principle place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5.   Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and payment was due in Miami Dade County, Florida.

6.   Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.   Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

9.   Plaintiff performed work for Defendant from on or about 2000 to on or about October 26, 2018 as an assistant business agent.

10.   Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendant was on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

11.   Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

12. Specifically, Plaintiff worked an average of thirty-seven (37) hours of overtime each week for Defendant.

13. Defendant knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

14. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Wage & Hour Federal Statutory Violation*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this Complaint as if set out in full herein.

16. This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

17. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

18. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts

3

funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and. by virtue of working in interstate commerce. otherwise satisfies the FLSA's coverage requirements.

20. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

22. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

23. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

4

24.     Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated: March 28, 2019


Respectfully submitted,


/s/ Nathaly Saavedra
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
ns@rgpatttorneys.com
Carlos D. Serrano, Esq.
Fla. Bar No. 1010125
cs@rgpattorneys.com
*Remer & Georges-Pierre, PLLC*
44 West Flagler Street, Suite 2200
Miami, Fl. 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

6

# EXHIBIT B

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No. 2019-009535-CA-01**

ALLEN DAVIS,

Plaintiff,

v.

I.L.A. LOCAL NO. 1416 RETIREE CLUB INC.
d/b/a INTERNATIONAL LONGSHOREMEN'S ASSOCIATIONS,
a Florida Not for Profit Corporation,

Defendant.

_____/

**<u>NOTICE OF FILING NOTICE OF REMOVAL</u>**

To:   Clerk of Court                              Peter M. Hoogerwoerd, Esq.
      Miami-Dade County Circuit Court            Nathaly Saavedra, Esq.
      73 W. Flagler Street                       Carlos D. Serrano, Esq.
      Miami, FL  33130                           Remer & Georges-Pierre, PLLC
                                                 44 West Flagler Street, Suite 2200
                                                 Miami Lakes, FL, 33130

PLEASE TAKE NOTICE that the Notice of Removal From State Court of the above-captioned action from the Miami-Dade County Circuit Court to the United States District Court for the Southern District of Florida, Miami Division, was electronically filed on May 13, 2019, in the United States District Court, Southern District of Florida, Miami Division.  A copy of the Notice of Removal From State Court, with Exhibits, is attached as **Exhibit A**.  This Notice of Notice of Removal is being filed with the concurrence of all Defendants in this matter.

1

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. §1446, this Court should

not proceed further unless and until the case is remanded.

Respectfully Submitted,

 /s/ *Howard S. Susskind*
**HOWARD S. SUSSKIND (184696)**
**D. MARCUS BRASWELL, JR. (146160)**
**SUGARMAN & SUSSKIND, P.A.**
Hsusskind@sugarmansusskind.com
mbraswell@sugarmansusskind.com
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Telephone: (305) 592-2801
Facsimile: (305) 447-8115

**NEIL FLAXMAN (25299)**
**NEIL FLAXMAN, P.A.**
flaxy@bellsouth.net
80 Southwest 8th Street, Suite 3100
Miami, FL 33130
Telephone: (305) 810-2786
Facsimile: (305) 810-2824

**Attorneys for Defendant.**

2

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was filed with the court and served on below listed counsel using the Court's CM/ECF system on May 13, 2019.

    /s/ D. Marcus Braswell, Jr.
                                    D. Marcus Braswell, Jr.

## SERVICE LIST

**Peter M. Hoogerwoerd (0188239)**
pmh@rgpattorneys.com
**Nathaly Saavedra (118315)**
ns@rgpattorneys.com
**Carlos D. Serrano (1010125)**
cs@rgpattorneys.com
**Remer & Georges-Pierre, PLLC.**
44 West Flagler Street, Suite 2200
Miami Lakes, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

3